FILED

NOT FOR PUBLICATION

JAN 02 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE HUMBERTO CUADRA; MARIA MARGARITA CUADRA, | No. 12-70898 |
| Petitioners, | Agency Nos. A094-176-009 A099-068-098 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Jose Humberto Cuadra, a native and citizen of El Salvador, and Maria

Margarita Cuadra, a native and citizen of Honduras, petition pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an

immigration judge's ("IJ") decision denying Jose Cuadra's applications for

---

*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act ("NACARA"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We dismiss in part, deny in part, and grant in part the petition for review, and we remand.

We lack jurisdiction to review Cuadra's challenge to the discretionary denial of his NACARA claim and dismiss this claim. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005).

Cuadra's testimony and declaration described three guerrilla encounters he experienced as a minor, including the last in which guerrillas beat him and his father, who later died as a result, and also described subsequent threats from guerrillas. The IJ accepted Cuadra's testimony as credible and found he had three encounters, but concluded that the record did "not compel" a finding of past persecution. In analyzing Cuadra's claim, the BIA expressly considered only two of the encounters and agreed with the IJ's analysis. Neither the IJ nor the BIA addressed the harm to Cuadra's father.

Substantial evidence supports the agency's denial of CAT relief because Cuadra failed to establish it is more likely than not he would be tortured by or with the acquiescence of the government if returned to El Salvador. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

However, the agency erred in using the "compel" standard to deny Cuadra's asylum and withholding of removal claims. *See generally Nagoulko v. INS*, 333 F.3d 1012, 1015, 1018 (9th Cir. 2003) (the court, not the agency, reviews the record to determine whether the evidence compels a finding of past persecution). Further, it does not appear the agency considered the full extent of the harm Cuadra described, including the harm to his father and other information in his declaration about the encounters. *See Hernandez-Ortiz v. Gonzales*, 496 F.3d 1042, 1044-46 (9th Cir. 2007) (agency must consider injuries to family where petitioner perceived events forming basis of past persecution claim as a child); *Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir. 1998) ("[t]he key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment [he] received rises to the level of persecution"). In light of our conclusions regarding past persecution and the possibility of a presumption of future fear, we do not address the agency's finding that Cuadra failed to establish a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1),

1208.16(b)(1)(i) (both stating an applicant found to have established past persecution is entitled to a rebuttable presumption of future persecution). Thus, we grant the petition as to Cuadra's asylum and withholding of removal claims and remand these claims to the BIA. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**